IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANTHONY KRONUS SWIFT,

        Plaintiff,

v.

WARREN & SUGARMAN, et al.,

        Defendants.

Case No. 3:20-cv-00363-SB

**ORDER OF DISMISSAL**

**HERNÁNDEZ, District Judge:**

    Plaintiff Anthony Kronus Swift ("Swift"), a pretrial detainee at the Multnomah County Inverness Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983. Swift alleges that he is detained without sufficient evidence, that his court-appointed attorney has rendered ineffective assistance of counsel, and that jail officials have denied him adequate medical and mental health care and access to an attorney. This Court previously granted Swift leave to proceed *in forma pauperis*. For the reasons set forth below, this Court dismisses Swift's Complaint (ECF No. 2).

## STANDARDS

    This Court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous

PAGE 1 - ORDER OF DISMISSAL

or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In order to state a claim, a plaintiff must allege facts which, when accepted as true, give rise to a plausible inference that the defendants violated the plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). Swift is proceeding as a self-represented litigant, and therefore this Court construes the pleadings liberally and affords Swift the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## DISCUSSION

Swift brings this action against the law firm of Warren & Sugarman, the firm's secretary Angela Thomas ("Thomas"), the State of Oregon, and the Multnomah County Sheriff's Office. Swift alleges that Defendants (1) arrested him without sufficient evidence and "prior to facing [his] accuser," (2) denied him access to counsel, (3) denied him the presumption of innocence and the right to move for a judgment of acquittal, (4) failed to provide him competent and unbiased counsel, (5) denied him the "equal rights of citizenry," and (6) refused to provide him prescribed eyeglasses and medication, adequate food, mental health care, and proper footwear. Compl. at 4-7.

I.  **Warren & Sugarman and Thomas**

To the extent that Swift seeks to challenge the adequacy of court-appointed counsel in his pending state criminal proceedings, this Court abstains from exercising jurisdiction because (1) resolution of the claim would have the practical effect of enjoining his ongoing criminal proceedings, and (2) the state proceedings implicate important state interests and provide Swift an adequate opportunity to challenge the adequacy of counsel. *See Herrera v. City of Palmdale*, 918 F.3d 1037, 1044 (9th Cir. 2019) (holding that absent extraordinary circumstances abstention is

PAGE 2  - ORDER OF DISMISSAL

required if (1) there is an ongoing state proceeding; (2) the state proceeding implicates important state interests; (3) the state proceeding provides an adequate opportunity to raise federal questions; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so); *Smith v. Cty. of Santa Clara*, 223 F. App'x 701, 702 (9th Cir. 2007) (holding that a pretrial detainee must raise his ineffective assistance of counsel claim in his ongoing criminal proceeding).

Extraordinary circumstances warranting federal intervention exist only "'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'" *Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980) (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)); *Equity Lifestyle Props., Inc. v. Cty. of San Luis Obispo*, 548 F.3d 1184, 1196 (9th Cir. 2008). Swift has failed to allege facts to support a conclusion that extraordinary circumstances warrant federal intervention in his pending state prosecutions.

In the alternative, Swift has failed to state a claim against Warren & Sugarman and Thomas due to the absence of any facts to support a reasonable inference that they acted under color of state law. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendants, acting under "color of state law," deprived him of a right secured by the U.S. Constitution or federal law. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). A public defender "performing a lawyer's traditional functions" does not act under color of state law. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). Further, Swift's complaint is devoid of any allegations against Thomas. Accordingly, Swift has failed to state a claim against Warren & Sugarman and Thomas.

**II.     The State of Oregon**

This Court dismisses Swift's claims against the State of Oregon because the state is entitled to sovereign immunity from suit under the Eleventh Amendment. *Puerto Rico Aqueduct & Sewer*

*Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (holding that the Eleventh Amendment bars suit in federal court against a state absent a clear and unequivocal waiver).

### III.    Multnomah County Sheriff's Office

To the extent that Swift seeks to challenge the legality of his pretrial detention and the lack of evidentiary support for his pending charges, this Court abstains from exercising jurisdiction because Swift has failed to allege facts to support the conclusion that extraordinary circumstances warrant this Court's intervention in his state criminal proceedings. *See Carden*, 626 F.2d at 84 (defining extraordinary circumstances).

With respect to Swift's allegation that the Multnomah County Sheriff's Office has denied him adequate medical, mental health care, or access to his attorney, Swift fails to state a claim. In order to state a claim, Swift must allege facts giving rise to a reasonable inference that (1) the sheriff's office had a policy, custom, or widespread practice that was the moving force behind the alleged constitutional violation; (2) the sheriff's office failed to properly train its officers and the failure to train amounts to deliberate indifference to Swift's rights; or (3) the individual who violated Swift's constitutional rights had final policy-making authority or ratified a subordinate's unconstitutional decision or action and the basis for it. *See Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 802-03 (9th Cir. 2018) (setting forth elements of municipal liability); *see also Jackson v. Barnes*, 749 F.3d 755, 762-63 & n. 4 (9th Cir. 2014) (holding that a sheriff's department is a county actor when supervising a jail). Conclusory allegations without supporting facts will not suffice.

## CONCLUSION

Based on the foregoing, this Court DISMISSES Swift's Complaint (ECF No. 2) for failure to state a claim. The dismissal is with prejudice as to the State of Oregon. Swift may file an amended complaint against the remaining defendant, curing the deficiencies outlined above,

within thirty days of the date of this Order. The failure to do so will result in the dismissal of this proceeding.

**IT IS SO ORDERED.**

DATED this 27 day of April, 2020.

　　　　　　　　　　　　　　　　　　　Marco A. Hernandez
　　　　　　　　　　　　　　　　　　　United States District Judge

PAGE 5  - ORDER OF DISMISSAL